**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN LAMAR BROWN,  ) | |
| ) | |
| Petitioner, ) | 2:02-cv-00770-PMP-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BILL DONAT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed July 5, 2013, this Court granted respondents' motion to dismiss, finding all of the claims except Ground 3(3) untimely, as the claims did not relate back to the original federal petition. (ECF No. 55). The Court further ruled that Ground 3(3) was without merit and denied the ground. (*Id.*). The Court's order denied petitioner a certificate of appealability. (*Id.*). Judgment was entered on July 5, 2013. (ECF No. 56). Petitioner has filed a motion for reconsideration and/or motion for relief from judgment. (ECF No. 57). The motion has been briefed by the parties and the Court now addresses the motion.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*

*Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).  Federal courts have determined that there are four grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.  *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

1      In the instant case, this Court properly entered judgment dismissing this action in the order filed July 5, 2013.  (ECF No. 55).  In his motion for reconsideration, petitioner seeks to have this Court reach the merits of his previously exhausted grounds of the original federal habeas petition. (ECF No. 57, at p. 2).  It appears that petitioner seeks to challenge this Court's order entered on November 24, 2003, finding the original petition to be a mixed petition, containing both exhausted and unexhausted claims.  (ECF No. 20).  Petitioner further argues that he can demonstrate equitable tolling due to ineffective assistance of his first post-conviction habeas counsel in state district court proceedings.  (ECF No. 57, at pp. 5-6).

   First, to the extent that petitioner challenges this Court's order of November 24, 2003, petitioner's motion is untimely, as it is well outside of the 28 days provided in Rule 59(e) in which to bring a motion to alter or amend judgment.  Further, petitioner's motion was not filed within a "reasonable time" within the meaning of Rule 60(b).  Moreover, because the November 24, 2003 order was not a final judgment, neither Rule 59(e) or Rue 60(b) is available to challenge the order. *See Catlin v. United States*, 324 U.S. 229, 233 (1945) (because order did not end the litigation on the merits it was not a final judgment); *see also McDowell v. Calderson*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999).

   Even if the Court disregards the untimeliness issue and reaches the merits of petitioner's motion, petitioner's arguments are without merit.  Petitioner seeks to have this Court consider grounds of his original petition, but this ignores the fact that petitioner filed an amended petition, by his own choice.  (ECF No. 26).  An amended complaint supercedes the original complaint and therefore must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).

3

1    Regarding petitioner's arguments regarding equitable tolling, petitioner had a full
2 opportunity to oppose respondents' motion to dismiss the amended petition, and he did so. (ECF
3 No. 49).  Petitioner's cannot now raise equitable tolling or other arguments that he failed to raise in
4 his opposition to the motion to dismiss.
5    The final order in this matter was entered on July 5, 2013.  (ECF No. 55).  Petitioner has not
6 identified any newly discovered evidence, intervening change in controlling law, clear error, or other
7 factor that would require vacating the judgment entered in this case.  Petitioner has not shown that
8 manifest injustice resulted from dismissal of the action.  Petitioner has failed to make an adequate
9 showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration
10 and/or motion for relief from judgment.
11    **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration and/or motion
12 for relief from judgment (ECF No. 57) is **DENIED.**
13    Dated this  14th  day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE